**SULAIMAN LAW GROUP**
Bobby C. Walker, Esq.
California Bar No. 321788
Sulaiman Law Group
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone: (630) 575-8181 Ext. 149
Fax: (630) 575-8188
bwalker@sulaimanlaw.com

*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MAURICETTE Y. CARUANA,<br><br>Plaintiff,<br><br>v.<br><br>CMRE FINANCIAL SERVICES, INC.,<br><br>Defendant. | Case No. 2:22-cv-05233<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;**<br><br>**2. VIOLATIONS OF REGULATION F 12 CFR 1006 *ET SEQ.*;**<br><br>**3. VIOLATIONs OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CODE §1788 *ET SEQ.***<br><br>DEMAND FOR JURY TRIAL |

**NOW COMES** MAURICETTE Y. CARUANA ("Plaintiff"), by and through her undersigned attorney, complaining as to the conduct of CMRE FINANCIAL SERVICES, INC., ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for Defendant's violations of

the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, violations of Regulation F pursuant to 12 CFR 1006 *et seq.*, and violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), pursuant to Cal. Civ. Code §1788 *et seq.*

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law RFDCPA claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of California, a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California, and Plaintiff resides in the Central District of California.

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age who resides in Los Angeles County and is a "consumer" as the term is defined by 15 U.S.C §1692a(3).

5. Defendant is a collection agency with its principle office located at 3075 E. Imperial Hwy Suite 200 in Brea, California 92821.

6. Defendant's principal purpose of business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or telephones to collect delinquent accounts allegedly owed to a third party.

## FACTS SUPPORTING CAUSE OF ACTION

7. On May 10, 2022, Plaintiff discovered a collections account that had been placed by Defendant on her TransUnion credit report in the amount of $61 allegedly stemming from an emergency room visit to Henry Mayo Memorial Newhall Hospital in 2019 ("subject account").

8. Defendant's reporting concerned Plaintiff as she was never contacted by Defendant prior to May 10, 2022.

9. To inquire about the subject account, Plaintiff called Defendant on May 13, 2022, and spoke with Defendant's representative, Maria, who quickly advised that the subject account would be deleted and Plaintiff would be receiving a confirmation letter by June 1, 2022.

10. Defendant's representative Maria also advised Plaintiff that there were multiple other collection accounts in its offices allegedly belonging to Plaintiff (collectively herein as "subject accounts").

11. Specifically, Defendant identified a UCLA Hospital debt from February 25, 2016 in the amount of $31.72 and $16.92 in accumulated interest.

12. Moreover, Defendant further identified what seemed to be an additional Henry Mayo account from 2016, and advised the original amount billed was $498.

13. Plaintiff disputed these subject accounts with Defendant as the balances should have been covered by her insurance company.

14. Defendant advised Plaintiff that she would have to speak with the

3

original providers to get any additional information or details regarding the subject accounts.

15. Despite Defendant's advice, Plaintiff believed that Defendant was in possession, custody or control of information to validate the status of the subject accounts.

16. Specifically, Plaintiff mailed a dispute letters to Defendant on May 24, 2022 via certified mail to both addresses known to Plaintiff, 3075 East Imperial HWY, #200, Brea, CA 92821 and P.O. BOX 54028, Los Angeles, CA 90054-002.

17. Both letters were received by Defendant via United States Postal Service on May 27, 2022.

18. On June 29, 2022, Plaintiff received two collection letters from Defendant itemizing the subject accounts ("Defendant's correspondences").

19. Plaintiff was bewildered by Defendant's correspondences, as it alleges the original amount owed of $321.00 plus an additional interest charge in the amount of $181.26, totaling the amount of $502.25 allegedly owed.

20. Defendant's correspondences depicted, in pertinent part, as follows:

4

```
Clt SANTA CLARITA ER MED GROUP                       Ac# T710 EGO723 0039423900
Rf# 01480137501
Nm1 CARUANA,MAURICETTE              Desk   CS1 Sts  IZ1 Assignd         321.00
Nm2 CARUANA,MAURICETTE              Assigned    10/31/16 PrincDue       321.00
Adr 27630 DAGMAR WAY APT 104        L/Charge    06/19/16 In 10.00 %     181.25
                                    L/Paymnt             Attorney          .00
    CANYON COUNTRY, CA 913876537    L/Letter    02/06/17 Court             .00
PhN                                 L/Worked    05/13/22 Other             .00
                                    L/Trust              JudInt            .00
                                    N/Review    05/28/22 Misc              .00
                                                         CntgcyFe          .00
                                                         Tot Due        502.25
                                                         Tot Paid          .00
```

21.    Furthermore, the UCLA account correspondence showed an original amount owed of $31.72 plus an added interest charge of $18.28, totaling $50.00 allegedly owed.

22.    Defendant's correspondences depicted, in pertinent part, as follows:

```
For:UCLA HEALTHCARE PHYSICIANS              Principal Amount:    31.72
Account:1000304562-47-62421676                      Interest:    18.28
Date of Service:02/25/16                               Total:    50.00
CMRE Account#: 0038975618
```

23.    Upon information and belief, there is not operative law or contract that specifies additional interest may be added the subject accounts and collected by Defendant.

24.    Moreover, California statute of limitations prohibits a debt collector from suing a consumer for a written contract account after four years, based off of the consumer's last payment.

25.    As previously mentioned, Plaintiff disputes the subject accounts and has not completed any payments towards the subject accounts, surpassing the state statute of limitations in the State of California for the collection of debts.

5

26. It is well settled law in California that repayment on a debt which has expired due to the statute of limitations will be revived through payment by the debtor.

27. Defendant's correspondences misleadingly fails to mention that if Plaintiff chooses to make a payment on the subject accounts, then the Statute of Limitations would be renewed.

28. Moreover, as the Statute of Limitations on the subject accounts expired on or around the year 2020, Defendant has a duty to instruct Plaintiff that payment on the subject accounts could revive the Statute of Limitations and Defendant could be able to sue Plaintiff.

29. Upon information and belief, Defendant's correspondences seek to induce a payment by Plaintiff by dangling an illusory offer, so that it may renew the Statute of Limitations in order to pursue additional efforts to collect the subject accounts from Plaintiff.

30. "A new promise to pay a past-due debt which removes a case from the running of the statute of limitations is unlike a normal bargain in that it creates a new debt ..." *Axia Incorporated v. I.C. Harbour Construction Co.* 150 Ill.App.3d 645, 645, 651-52 (2nd Dist. 1986).

31. As such, the above referenced representations are deceptive, materially misleading, and constitute unfair collection practices in violation of the FDCPA.

32. Defendant's unfair techniques are designed to force unsophisticated

consumers, such as Plaintiff, to pay on time barred accounts.

33. On July 12, 2022, Plaintiff called Defendant again to determine the reasoning of an interest charge in addition to the alleged original amount owed on the Henry Mayo account and was advised that 10% interest was added annually as well as a per diem interest charges.

34. Defendant's correspondences are confusing, deceptive, and misleading as the nature of the Defendant's collection letter, specifically the inclusion of "interest".

35. Defendant's collection letters are materially misleading, deceptive and threatening on their faces.

36. Plaintiff was harmed by Defendant's nefarious conduct.

## DAMAGES

37. Defendant's wanton and malicious conduct has severely affected Plaintiff's daily life and general well-being.

38. Plaintiff has expended time consulting with her attorneys as a result of Defendant's unfair, deceptive, and misleading actions.

39. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

40. Defendant's activities have caused Plaintiff actual harm, including but not limited to, emotional distress, anxiety, embarrassment, monetary losses, and loss of concentration.

7

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

41. Plaintiff restates and realleges paragraphs 1 through 40 as though fully set forth herein.

42. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

43. The alleged subject accounts are a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

44. Defendant is a "debt collector" as defined by §1692a(6) because its primary business purpose is the collection of delinquent debts and it regularly collects debts and uses the mail and/or telephones to collect delinquent accounts allegedly owed to a third party.

45. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

46. Defendant used the mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

47. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

48. Defendant violated 15 U.S.C. §§1692e, e(2), (10), and f through its unlawful debt collection practices.

**a. Violations of 15 U.S.C. §1692e**

49. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector

from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

50. In addition, this section enumerates specific violations, such as:

> "The false representation of the character, amount, or legal status of any debt…" 15 U.S.C. §1692e(2)(A).
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

51. Defendant violated §1692e, e(2) and e(10) in the portion of its correspondences which outlined interest, charges, and fees in reference to the amount owed on the subject accounts.

52. Defendant's inclusion of these references falsely implies the extent to which Defendant may properly add interest and charges to the subject accounts. By including these references, absent any sort of additional information, Defendant intended to instill a deceptive and false sense of urgency in Plaintiff. To an unsophisticated consumer, these references would insinuate that there is a heightened urgency to address the subject accounts given the potential for interest and other charges to accrue, even where no such interest and other charges could be properly added.

53. The potential imposition of such fees would naturally be a factor in Plaintiff's decision-making process in determining whether and when to address any purported obligation; and, the inclusion of these references would leave

unsophisticated consumers guessing about the economic consequences of failing to pay immediately.

54. Defendant violated 15 U.S.C. 1692e by failing to mention that if Plaintiff completes a payment for subject accounts that could revive the debt against the statute of limitations for further collection efforts.

55. By failing to make clear that Plaintiff cannot be sued on the subject debt led Plaintiff to believe that she may eventually be sued on the subject debt.

### b. Violations of 15 U.S.C. §1692f

56. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

57. Defendant violated 15 U.S.C. §1692f and f(1) by adding interest to the subject accounts, at the rate of 10% annually, despite no operative law or contract agreement from original creditor allowing for such interest to accrue.

58. In addition to unfairly instilling a false sense of urgency in Plaintiff to address the subject accounts, the inclusion of these references suggests that interest and other charges would be properly collectible.

59. Defendant's carefully crafted language is the sort of misleading tactic the FDCPA prohibits. The only reason to use such carefully ambiguous language is the expectation that at least some unsophisticated debtors will misunderstand and will choose to pay because they fear the consequences of not doing so.

60. Defendant further violated 15 U.S.C. §1692f by employing unfair

means to collect the subject debt from Plaintiff. Specifically, it is unfair for Defendant to conceal from Plaintiff the reality of completing or promising to complete a payment.

61. By failing to inform Plaintiff that completing or promising to complete a payment would restart the statutory period for another debt collector, or Defendant chooses to alter its policies, bringing suit against her if such actions are taken.

62. Upon information and belief, Defendant acted with knowledge that its conduct would result in Plaintiff forfeiting protections lawfully afforded to her.

63. Defendant's correspondences violate 15 U.S.C. § 1692f because it uses unfair and unconscionable means to attempt to collect the alleged debt by (a) failing to disclose that Defendant cannot sue to collect the alleged debt and (b) failing to disclose that even a partial payment or promise to pay may restart the relevant statute of limitations in the future (c) including interest charges that were not collectable.

64. As pled above Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor as follows:

  a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

  b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II - VIOLATIONS OF REGULATION F
### *(12 CFR 1600 et seq.)*

65. Plaintiff restates and realleges all previous paragraphs of this Complaint as though fully set forth herein.

66. Plaintiff is a "consumer" as defined by Regulation F §1006.2(e)

67. Defendant is a "third party collector" as defined by Regulation F §1006.2(i)(1).

68. The subject accounts are a "debt" and a "consumer debt" as defined by Regulation F §1006.2(f) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

69. Section 1006.18 of Regulation F states that a debt collector cannot use any false, deceptive, or misleading representations to collect a debt.

70. Specifically, §1006.18(b)(2)(i) states that "[a] debt collector must not falsely represent: (i) the character, amount, or legal status of any debt." 12 CFR §1006.18(b)(2)(i).

71. Defendant violated §§1006.18 and 1006.18(b)(2)(i) when it (a) failed to disclose that Defendant cannot sue to collect the alleged accounts and (b) failed to disclose that even a partial payment or promise to pay may restart the relevant statute of limitations in the future (c) included interest charges that were not collectable in its collection letters to Plaintiff.

72. Furthermore, Defendant violated §1006.30(a)(1)(i)(ii) when they furnished information regarding the alleged subject account to a consumer reporting agency without speaking to Claimant first about the subject account.

73. As previously mentioned, Claimant was upset that Defendant reported the subject account, totaling $61, to her TransUnion report without first speaking with her about the subject account.

74. Respondent's deceptive and misleading behavior harmed Claimant and stripped her of her rights under the FDCPA and Regulation F.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute, thus violating the Fair Debt Collection Practices Act;

b. Enjoin Defendant from continuing to contact Plaintiff;

c. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

d. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

e. Award any other relief as the Honorable Court deems just and proper.

## COUNT III –
## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTIONS PRACTICES ACT (Cal. Civ. Code §1788)

75. Plaintiff restates and realleges all preceding paragraphs of this Complaint as though fully set forth herein.

76. California Civil Code § 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

77. As pled above, Defendant violated 15 U.S.C. §§1692e, e(2), (10), and f of the FDCPA; therefore violating Cal. Civ. Code §1788.17.

**WHEREFORE,** Plaintiff prays for the following relief:

a. A finding that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act;

b. An award of actual damages;

c. An award of statutory damages;

d. An award of Plaintiff's reasonable attorney's fees and costs;

e. An award of any other relief this Honorable Court deems just and appropriate

# **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: July 28, 2022                    Respectfully Submitted,

/s/ Bobby C. Walker
Bobby C. Walker, Esq.
California Bar No. 321788
Sulaiman Law Group
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone: (630) 575-8181 Ext. 149
Fax: (630) 575-8188
bwalker@sulaimanlaw.com
*Counsel for Plaintiff*